UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KODJO AGBLEKPE,<br><br>          Plaintiff,<br><br>v.<br><br>CHILDREN'S SERVICES OF ROXBURY,<br>SANDRA MCCROOM,<br>JOAN SINNER,<br>NATASHA HALL, and<br>MARLIN JIMENEZ,<br><br>          Defendants. | Civil Action No.<br>21-CV-11264-AK |

## ORDER

**A. KELLEY, D. J.**

This *pro se* action was initiated by the filing of a complaint by Kodjo Agblekpe ("Plaintiff" or "Agblekpe") against his former employer, Children's Services of Roxbury ("CSF"), as well as Sandra McCroom, CSF President and CEO; Natasha Hall, CSF Director of Human Resources; Joan Sinner, CSF Vice President of Housing and Stabilization; and Marlin Jimenez, CSF Assistant Director of Scattered Sites. [Dkt. 1]. After initially failing to either pay the filing fee or move for leave to proceed *in forma pauperis*, [see Dkt. 3], Plaintiff later paid the filing fee, [see Dkt. 7], and the clerk issued summons for service of the defendants, [see Dkt. 5].

On August 11, 2021, eight days after the original complaint was filed, Plaintiff filed an amended complaint. [Dkt. 4]. On November 1, 2021, Plaintiff filed a second amended complaint [Dkt. 14], and on November 12, 2021, Plaintiff filed a third amended complaint [Dkt. 21].

Although the federal rules provide for amendment as of right, Plaintiff did not seek leave to file the subsequent amended complaints.[1] Pursuant to Rule 15(a)(1), Plaintiff was not required to seek leave of court to file his first amended complaint. However, he failed to seek permission to file his third and fourth amended complaints. See Docket.

Because an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Plaintiff's first amended complaint [Dkt. 4] would now be the operative complaint.

Unlike plaintiff's original complaint [Dkt. 1], which is presented on a pre-printed federal complaint form pursuant to Title VII of the Civil Rights Act of 1964 and is accompanied by a copy of the EEOC Notice of Suit Rights, Plaintiff's amended complaint [Dkt. 4] lists only state law claims among the delineated counts, is unsigned, and the case caption references Suffolk Superior Court.

It is unclear whether Plaintiff is aware that an amended complaint replaces the earlier complaint and that he cannot proceed in this action with four different complaints. Because Plaintiff is proceeding *pro se*, and such plaintiffs often lack familiarity with the legal system, Plaintiff will be granted an opportunity to advise the court as to which complaint he wishes to designate as the operative pleading for this action.

For the foregoing reasons, Plaintiff shall file with the Court, on or before **May 3, 2022**, a notice indicating on which complaint he wishes to proceed: Dkt. No. 1, Dkt. No. 4, Dkt. No. 14, or Dkt. No. 21. The Clerk shall send to Plaintiff a copy of this order along with copies of Dkt. Nos. 1, 4, 14, and 21. If Plaintiff files such notice, the Court will review the identified complaint

---

[1] The Federal Rules of Civil Procedure permit a party to amend its pleading once as a matter of right. See Fed. R. Civ. P. 15(a)(1). Subsequent amendments require permission of the court. See Fed. R. Civ. P. 15(a)(2).

and make further determinations concerning issues of jurisdiction and/or service. Failure to timely comply with this order will subject this case to dismissal.

In accordance with the foregoing, Plaintiff's Motion for 60-day Extension of Time to Complete Service [Dkt. 13] and Motion for Default Judgment [Dkt. 24] are denied as moot.

**SO ORDERED.**

April 19, 2022                                             /s/ Angel Kelley
                                                           ANGEL KELLEY
                                                           U.S. DISTRICT JUDGE